UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

|  |  |
|---|---|
| **STEPHANIE ROWE**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**KW PROPERTY MANAGEMENT & CONSULTING, LLC**, a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>**Case No.  2:26-cv-1646**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, STEPHANIE K. ROWE ("ROWE" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Florida Civil Rights Act (FCRA) and Florida law for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) disability discrimination in violation of the ADA, (4) disability discrimination in violation

1

of the FCRA, (5) retaliation in violation of the ADA, (6) retaliation in violation of the FCRA, and (7) unlawful retaliation in violation of F.S. §440.205.

## PARTIES

2.　The Plaintiff, STEPHANIE K. ROWE ("ROWE") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3.　Defendant, KW PROPERTY MANAGEMENT & CONSULTING, LLC ("Defendant") is a Florida limited liability company with its principal place of business in Doral, Florida, and employed ROWE.

4.　At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5.　This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.　This Court has supplemental jurisdiction over ROWE's state law claims pursuant to 28 U.S.C. §1367.

7.　Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

2

8.  ROWE timely filed her Charge of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission (EEOC), and this action is timely filed as she received her Notice of Right to Sue from the EEOC on March 16, 2026. (*See* Exhibit 1 - EEOC Notice of Right to Sue).

### GENERAL ALLEGATIONS

9. ROWE began her employment at Pelican Preserve Community Association in or about January 2016 and was employed by the Defendant as a legacy employee beginning December 1, 2022. She was last employed as a Fitness Specialist/Group Exercise Instructor.

10.     ROWE was born in 1963 and thus was well over the age of 40 at the time of her termination by the Defendant.

11.     ROWE always performed her assigned duties in a professional manner and was very well qualified for her position.

12.     ROWE always met and exceeded performance and productivity goals, and received no disciplinary action during her tenure with Defendant.

13.     ROWE was a qualified person with a disability, and thus a member of a protected class, as she suffers from impairments of the musculo-skeletal system, caused by a workplace accident she was involved in on or about May 2020 when she fell while helping with renovations at the facility (a fact the Defendant was aware of).

14.     ROWE's impairments impact her ability to perform major life activities, such as bending, twisting, lifting, and working when not in remission.

15.     ROWE has a history of these impairments that limits major bodily functions and several major life activities. ROWE's impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

16.     Because ROWE was injured at work, she filed a worker's compensation claim.

17.     Due to her injuries, ROWE required multiple medical treatments, including surgeries. On February 21, 2024, ROWE underwent surgery to treat ongoing pain in her leg and back stemming from the 2020 injury.

18.     On or about April 18, 2024, ROWE made a request for reasonable accommodations to return to work early with light duty restrictions including no bending, twisting, or lifting more than 10 pounds. The Defendant arbitrarily denied this request despite the fact that ROWE's requested reasonable accommodation would have allowed her to perform the essential functions of her position.

19.     ROWE's direct supervisor, Jeanine Janisco, denied the accommodation request, stating that ROWE needed to be able to perform all of her duties, especially teaching classes, before she could return. No genuine

interactive process occurred, and no alternative accommodations were explored or offered.

20.    By May 21, 2024, ROWE was cleared to return to work without any restrictions and continued working normally for nearly five months until her October 1, 2024 termination.

21.    Throughout her employment, Defendant's management, including Ms. Janisco, made disparaging remarks about ROWE to other staff members and residents, creating a hostile working environment.

22.    On October 1, 2024, Defendant terminated ROWE, claiming her position was being eliminated due to budget cuts and restructuring.

23.    Defendant's stated reasons for ROWE's termination shifted multiple times. Initially, ROWE was told it was a decision made by KWPMC corporate. When ROWE contacted Human Resources, she was told that she and another employee were chosen because they "refused to teach more classes," a statement that was demonstrably false as ROWE had expressed willingness to add classes at a staff meeting held on the same day as her termination.

24.    At the time of termination, ROWE was 60 years old and second in seniority among the fitness instructors. The Defendant also terminated Melissa Wallace, age 46, who had ongoing physical issues. The two fitness instructors with the longest tenure who had health-related absences or

conditions were selected for termination while younger or more recently hired employees were retained.

25.     It then sought to replace ROWE with younger, nondisabled employees, or did not replace her at all while retaining younger employees.

26.     At all material times, the Defendant was aware of ROWE's age, disability and worker's compensation claim, which are the bases for its discriminatory employment practices toward her.

## COUNT I - VIOLATION OF THE ADEA

27.     Plaintiff incorporates by reference Paragraphs 1-26 of this Complaint as though fully set forth below.

28.     ROWE was an employee and the Defendant was her employer covered by and within the meaning of the ADEA.

29.     ROWE is a member of the protected age class (over the age of 40).

30.     ROWE was well qualified for the positions she held with the Defendant.

31.     Despite her qualifications, ROWE has suffered adverse employment action in the form of termination.

32.     Younger persons with inferior qualifications and performance, or more recently hired employees, were retained while ROWE was terminated.

33.     The Defendant has discriminated against ROWE in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

6

34.    The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating ROWE because of her age.

35.    The Defendant's violations of the law were knowing and willful.

36.    A causal connection exists between ROWE's age and her termination.

37.    As a result of the above-described violations of the ADEA, ROWE has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

38.    ROWE has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

39.     Plaintiff incorporates by reference Paragraphs 1-26 of this Complaint as though fully set forth below.

40.     ROWE was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

41.     ROWE is a member of the protected age class (over the age of 40).

42.     ROWE was well qualified for the positions she held with the Defendant.

43.     Despite her qualifications, ROWE has suffered adverse employment action in the form of termination.

44.     Younger persons with inferior qualifications and performance, or more recently hired employees, were retained while ROWE was terminated.

45.     The Defendant has discriminated against ROWE in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

8

46.     The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating ROWE because of her age.

47.     The Defendant's violations of the law were knowing and willful.

48.     A causal connection exists between ROWE's age and her termination.

49.     As a result of the above-described violations of the FCRA, ROWE has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

50.     ROWE has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

9

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

51.     The Plaintiff hereby incorporates by reference Paragraphs 1-26 in this Count by reference as though fully set forth below.

52.     At all relevant times, ROWE was an individual with a disability within the meaning of the ADAAA.

53.     Specifically, ROWE has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

54.     ROWE is a qualified individual with disabilities as that term is defined in the ADAAA.

55.     ROWE is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

10

56. At all material times, ROWE was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

57. Defendant was made aware and was aware of ROWE's disabilities, which qualify under the ADAAA.

58. Defendant discriminated against ROWE with respect to the terms, conditions, and privileges of employment because of her disabilities.

59. Defendant conducted itself with malice or with reckless indifference to ROWE's federally protected rights.

60. Defendant discriminated against ROWE in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

61. The conduct of Defendant altered the terms and conditions of ROWE's employment and ROWE suffered negative employment action in the form of denial of accommodation and termination.

62. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, ROWE has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

63. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the

11

prohibited acts perpetrated against her, ROWE is entitled to all relief necessary to make her whole.

64. As a direct and proximate result of the Defendant's actions, ROWE has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

65. ROWE has exhausted her administrative remedies and this count was timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

66.     The Plaintiff hereby incorporates by reference Paragraphs 1-26 in this Count by reference as though fully set forth below.

67.     At all relevant times, ROWE was an individual with a disability within the meaning of the FCRA.

68.     Specifically, ROWE has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

69.     ROWE is a qualified individual with disabilities as that term is defined in the FCRA.

70.     ROWE is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

71.     At all material times, ROWE was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

72.     Defendant was made aware and was aware of ROWE's disabilities, which qualify under the FCRA.

73.     Defendant discriminated against ROWE with respect to the terms, conditions, and privileges of employment because of her disabilities.

74.     Defendant conducted itself with malice or with reckless indifference to ROWE's protected rights under Florida law.

75.     Defendant discriminated against ROWE in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

76.     The conduct of Defendant altered the terms and conditions of ROWE's employment and ROWE suffered negative employment action in the form of denial of accommodation and termination.

77.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, ROWE has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

78.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, ROWE is entitled to all relief necessary to make her whole.

79.     As a direct and proximate result of the Defendant's actions, ROWE has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

14

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

80.     ROWE has exhausted her administrative remedies and this count was timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

### COUNT V - VIOLATION OF THE ADA- RETALIATION

81.     Plaintiff incorporates by reference Paragraphs 1-26 of this Complaint as though fully set forth below.

82.     Following ROWE's request for reasonable accommodation, Defendant retaliated by denying the accommodation request and subsequently terminating ROWE.

83.     Said protected activity was the proximate cause of Defendant's negative employment actions against ROWE including denial of reasonable accommodation and ultimately termination.

84.     Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against ROWE via denial of accommodation and termination.

85.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

86.     As a direct and proximate result of the violations of the ADA, as referenced and cited herein, ROWE has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

87.     As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, ROWE is entitled to all relief necessary to make her whole as provided for under the ADA.

88.     As a direct and proximate result of Defendant's actions, ROWE has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

89. ROWE has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VI - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

90.     Plaintiff incorporates by reference Paragraphs 1-26 of this Complaint as though fully set forth below.

91.     Following ROWE's request for reasonable accommodation, Defendant retaliated by denying the accommodation request and subsequently terminating ROWE.

92.     Said protected activity was the proximate cause of Defendant's negative employment actions against ROWE including denial of reasonable accommodation and ultimately termination.

93.     Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against ROWE via denial of accommodation and termination.

94.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

95.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, ROWE has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

96.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, ROWE is entitled to all relief necessary to make her whole as provided for under the FCRA.

18

97.    As a direct and proximate result of Defendant's actions, ROWE has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

98.    ROWE has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

19

## COUNT VII - UNLAWFUL RETALIATION UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

99.     Plaintiff incorporates by reference Paragraphs 1-26 of this Complaint as though fully set forth below.

100.    ROWE was injured on the job and required medical treatment.

101.    ROWE promptly reported the worker's compensation injury to the Defendant and the Defendant knew that she was seeking benefits under F.S. §440.

102.    ROWE required ongoing and future medical treatment, which was compensable due to her injury occurring in the workplace.

103.    Prior to her termination, ROWE required leave in order to receive treatment for her workplace injury.

104.    The Defendant then terminated ROWE as a direct result of the same.

105.    Prior to her worker's compensation injury, ROWE had received no disciplinary action and had not been subjected to discipline.

106.    ROWE's filing of a worker's compensation claim, workplace injury and need for treatment for her workplace injury are the direct and proximate causes of the Defendant's termination of her employment.

107.    As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.205, ROWE has suffered damages, including but

20

not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

WHEREFORE, Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, and interest.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 14, 2026

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

21